## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| **RANDOLPH DAVIS**<br>904 Park Avenue<br>Herndon, VA 20170 | ) ) ) ) | |
| **Plaintiff,** | ) ) | Civil No.: 1:14CV995<br>LOG/TRJ |
| **v.** | ) ) | |
| **DONALD C. MOORE**<br>5882 Tulloch Spring Ct.<br>Haymarket, VA 20169 | ) ) ) ) | |
| **Defendant.** | ) ) | |

## COMPLAINT

### INTRODUCTION

This is an action by Plaintiff Randolph Davis ("Plaintiff") against Defendant Donald C. Moore ("Defendant") for personal injuries and damages sustained by the Plaintiffs as the result of a motor vehicle collision that occurred on or about December 17, 2012.

### PARTIES

1.     Plaintiff was a resident and citizen of the Commonwealth of Virginia at all times material to the issues in this case.

2.     On information and belief, Defendant was a resident and citizen of the Commonwealth of Virginia at all times material to the issues in this case.

### JURISDICTION

3.     Jurisdiction is proper in this Court pursuant to the Federal Tort Claims

Act, 28 U.S.C. §1346(b).

4.      The collision that forms the basis of the Complaint occurred in Virginia and venue in this Court is proper as to all parties.

## FACTS

5.      On or about December 17, 2012, Plaintiff was driving his motor vehicle on Shaw Road near Old Ox Road in Loudoun County, Virginia when he came to a complete and lawful stop behind a car that was making a left turn into a driveway.

6.      At said time and place, Defendant was driving a motor vehicle when he failed to come to a lawful stop and struck the rear of Plaintiff's vehicle, causing the personal injuries and other harms described herein.

7.      The force of the impact propelled Plaintiff's vehicle forward, into the rear of the vehicle in front of him. This in turn forced that vehicle into the lane of oncoming traffic, causing a head-on collision with a fourth vehicle.

8.      The responding police officer determined that Defendant was responsible for the subject collision and issued him a citation for reckless driving.

9.      As a result of his efforts to avoid the collision, Plaintiff rolled his vehicle, which ultimately came to a rest near Route 522.

10.      At the time of the accident, Defendant Moore was employed by the United States Department of Homeland Security - U.S. Immigration and Customs Enforcement and was acting within the scope of his employment while driving a vehicle owned and operated by the United States Department of Homeland Security - U.S. Immigration and Customs Enforcement.

11.      Following the collision, Plaintiff was taken to Reston Hospital Center in

Reston, Virginia.

12.     After the accident, Plaintiff made a demand for damages based on the motor vehicle accident described above to United States Department of Homeland Security - U.S. Immigration and Customs Enforcement  On January 30, 2014, Plaintiff's claim for monetary damages was denied by the United States Department of Homeland Security - U.S. Immigration and Customs Enforcement

<u>**COUNT ONE: NEGLIGENCE**</u>

13.     Plaintiff re-alleges, adopts and incorporates herein by reference as a part of this Count all of the averments of paragraphs 1 through 12 hereinabove as fully and completely as if the same were set forth verbatim herein.

14.     On information and belief, the aforesaid collision was the direct and proximate result of the negligence of the Defendant in operating his vehicle in a careless and negligent manner as follows:

     (a)     Failing to observe other vehicles on the roadway;

     (b)     Failing to slow or stop the vehicle he was operating so as to avoid a collision;

     (c)     Failing to maintain and stop the vehicle he was operating within the assured clear distance ahead in violation applicable law;

     (d)     Failing to apply the brakes to the vehicle he was operating or take other evasive action to avoid the collision;

     (e)     Failing to maintain adequate control of the vehicle he was operating in order to avoid a collision;

     (f)     Moving his vehicle when not safe to do so in violation of applicable law;

     (g)     Operating his vehicle in careless disregard for the safety of persons and/or property in violation of applicable law;

3

(h) Failing to keep his vehicle under proper and adequate control so as not to expose other users to an unreasonable risk of harm;

ij) Operating his vehicle too fast for the conditions existing at the aforesaid time and place in violation of applicable law;

(j) Failing to keep alert and maintain a proper lookout for the presence of other motor vehicles on the streets and highways;

(k) Exceeding the applicable maximum speed limits in violation of applicable law;

(l) In operating the vehicle so as to create a dangerous situation for other vehicles on the roadway;

(m) Failing to stay alert to traffic;

(n) Failing to keep his eyes on the roadway; and

(o) Otherwise operating his vehicle at an unsafe speed and in a careless and negligent manner.

15.     As a direct and proximate result of Defendant's negligence, Plaintiff has sustained multiple serious personal injuries, including, but not limited to, of headaches, photophobia, left shoulder pain, neck pain, neck spasm, mid and lower back pain and spasm, left hip pain, left lower extremity pain, and difficulty with concentration and short-term memory.

16.     As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Plaintiff has undergone and in the future will undergo severe physical pain, mental anguish, discomfort, inconvenience, distress, embarrassment and humiliation, past, present and future loss of the ability to enjoy the pleasures of life and limitations in the pursuit of daily activities all to his great loss and detriment.

12.     As a direct and proximate result of the aforesaid collision, negligence and

4

carelessness of Defendant, Plaintiff has and will into the future incur expenses for medical treatment, medical assistance, surgery and rehabilitation.

13.   As a direct and proximate result of the aforesaid collision and the negligence and carelessness of Defendant, Plaintiff has sustained incidental costs and losses to include, but not limited to, past and future medication costs and medical appliances, and travel to and from medical appointments for which damages are claimed.

14.   As a direct and proximate result of the aforesaid collision, negligence and carelessness of Defendant, Plaintiff has and will into the future incur a loss of wages, a loss of earning capacity, a loss of household services and other economic damages for which damages are claimed.

WHEREFORE, Plaintiff demands judgment against the Defendant for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled, and any such other relief that the Court may deem proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants in an amount to be determined at trial but believed to exceed $100,000.00, court costs, and attorney's fees to which Plaintiff is entitled; and any such other relief that the Court may deem proper.

## A JURY TRIAL IS HEREBY DEMANDED ON ALL COUNTS

Dated: July 25, 2014                              Respectfully submitted,


_____
Ryan P. Quinn (VSB #73341)
SLOCUMB LAW FIRM, LLC
777 6th Street NW, Suite 200
Washington, D.C. 20001

Tel. No.  (202) 737-4141
Fax No.  (334) 321-0131
*Attorney for Plaintiff*